WHIPPLE, C.J.
Plaintiff, the City of Baton Rouge, Parish of East Baton Rouge ("the City/Parish") appeals the trial court's judgment declaring it without authority to levy a special ad valorem tax to support the three-platoon system of its municipal police department. For the following reasons, we dismiss the appeal and recall a show cause order issued by this court as moot.
FACTS AND PROCEDURAL HISTORY
Since 1959, the City/Parish has levied a special tax for the purpose of operating *815 and maintaining a three-platoon system for its police department, known as the Three Platoon Police Millage ("the Millage"). However, after launching an inquiry into the City/Parish's authority to levy the Millage, the Louisiana Legislative Auditor[1] concluded that it would not certify the Millage for the 2017 year based on its finding that the City/Parish was without constitutional or statutory authority to levy it. Ultimately, after discussions between the parties, the Legislative Auditor proposed to certify the Millage for the 2017 year with the understanding that the Millage would not be certified for the year 2018 or any year thereafter without either ballot affirmation or a judgment from the court.
Thus, on September 11, 2017, the City/Parish filed a petition for declaratory judgment, seeking judgment "declaring the legal authority of the City-Parish to levy [the Millage] constitutional." Following a hearing and the filing of joint stipulations, the trial court signed a judgment dated October 22, 2017, declaring that "the [City/Parish] by virtue of Act 510 of 1975 is without authority to levy a special ad valorem tax, not to exceed 1 mill, to support the three-platoon system of its municipal police department without a vote of the electorate pursuant to Article VI, Sec. 27 of the 1974 Constitution and is therefore unconstitutional." From this judgment, the City/Parish appeals, contending that the trial court erred in declaring that it was without constitutional authority to levy the Millage.
On December 4, 2017, this court issued a Rule to Show Cause Order, ordering the parties to show cause by briefs why this appeal should or should not be dismissed or transferred from this court pursuant to LSA-Const. Art. V, sec. 5. By subsequent order dated March 6, 2018, the Rule to Show Cause was referred to the panel to which the appeal is assigned. Accordingly, this matter was assigned to a three-judge panel and set on the August 2018 docket to be heard with oral argument.
However, after docketing, the Legislative Auditor filed with this court a motion to dismiss the City/Parish's appeal as moot, averring that the Millage at issue had been placed on the April 28, 2018 ballot and that on that date, the voters of East Baton Rouge Parish had approved the Millage. The Legislative Auditor further averred that on June 13, 2018, the City/Parish then adopted Ordinance 16831, levying the Millage, and that on July 6, 2018, the Louisiana Secretary of State had certified that the proces verbal of the election was filed and recorded. Accordingly, the Legislative Auditor contended that a justiciable controversy no longer existed and, thus, that the appeal should be dismissed as moot.
Finally, on July 26, 2018, the City/Parish filed a motion to dismiss its appeal.
DECREE
Considering the above and foregoing, and the record herein, in light of the parties' motions, the instant appeal is hereby dismissed. Moreover, the December 4, 2017 Rule to Show Cause Order issued by this court is hereby recalled as moot.
APPEAL DISMISSED; DECEMBER 4, 2017 RULE TO SHOW CAUSE ORDER RECALLED AS MOOT.
McClendon, J. concurs in the result reached by the majority

Louisiana Legislative Auditor Daryl Purpera's name was incorrectly spelled as "Pupera" in the City/Parish's petition herein.